### Independent Breweries Company, Defendant in Error, v. Wabash Railway Company, Plaintiff in Error.

### Gen. No. 26,150.

1. CARRIERS—*where action to recover value of merchandise shipped and freight paid is properly brought.* Where the cause of action in question against a railroad to recover the value of a carload of beer, and the freight paid thereon arose in Montana, and where plaintiff was a resident of Missouri, and where such action accrued when the beer was frozen during the latter days of October, 1917, and before the date when the railroads were taken over by the government, on December 31, 1917, the several general orders issued by the Director General of Railroads fixing the venue of suits against carriers had no application, and the suit was properly brought in Chicago.

2. APPEAL AND ERROR—*when record insufficient.* The point that an action should have been dismissed because the purported summons which was served on defendant was not dated and was therefore void was not tenable where there was nothing in the record to establish the contention except the affidavit made part of the special appearance, and the motion to dismiss.

3. CARRIERS—*when bill of lading shows delivery by shipper to carrier.* In an action against the Wabash Railway Company for the value of a car of beer, *held* that a bill of lading, attached to plaintiff's statement of claim, which stated that the "Wabash W.

Railroad Company" received from plaintiff 85 barrels of beer, freight prepaid, to be transported to a named point and consigned to order of plaintiff, and gave the name of the person to be notified, and contained the words in ink "Manufacturers Ry. Co., Ordered Oct. 16, 1917, J. J. Deveraux, Agent, per C. H.," showed, in the absence of explanation, that the property was delivered by plaintiff to defendant, and, in the absence of anything to show that said Deveraux was not the agent of defendant, it was presumed that he was such agent.

Error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed December 21, 1921. Rehearing denied January 4, 1922. *Certiorari* denied by Supreme Court (making opinion final).

JOHN GIBSON HALE, for plaintiff in error.

BORDERS, WALTER, BURCHMORE & COLLIN, for defendant in error; NUEL D. BELNAP, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover the value of a carload of beer and the freight paid thereon. The defendant filed a special appearance and moved to dismiss the cause on the ground that the action could not properly be brought in Chicago and further that the summons which was served on defendant was without date. The motion was overruled. The defendant refused to file an affidavit of merits and was defaulted. Judgment was rendered in favor of plaintiff for the amount of its claim, $1,401, to reverse which the defendant has sued out this writ of error.

The record discloses that plaintiff conducted a brewery in St. Louis, Missouri, and on the 16th day of October, 1917, delivered to the defendant railway company 85 barrels of beer to be transported to Great Falls, Montana. Owing to the alleged negligence in the transportation of the beer it was frozen and ren-

dered of no value. On the hearing of defendant's motion to dismiss, the defendant offered in evidence General Orders Nos. 18, 18-A, 18-B, and 50-A, issued by the Director General of Railroads subsequent to the time this cause of action accrued and prior to the filing of the suit. General Order No. 18, issued April 9, 1918, provided that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resides or in the county or district where the cause of action arose. General Order No. 18-A, issued April 18, 1918, amended General Order No. 18 so as to provide that all suits against carriers while under federal control must be brought in the county or district "where the plaintiff resided at the time of accrual of the cause of action, or in the county or district where the cause of action arose." It further appeared by the affidavit offered in evidence by the defendant that the plaintiff was not a resident of Chicago but that its place of business was in St. Louis, Missouri; that the cause of action, if any, accrued at Great Falls, Montana, and the defendant argues that since it appears that plaintiff was located at St. Louis and the cause of action, if any, arose at Great Falls; suit to recover for the loss of the beer and the freight paid could not be brought in Chicago because this would be a violation of General Orders Nos. 18 and 18-A, and that these orders fixing the venue of such suits have been repeatedly held valid by the courts. We think that if either of these orders applied to the instant case defendant's position would be sound and his motion should have been granted. But we think neither of these orders was in effect because order No. 18 was superseded by order No. 18-A and the latter was in turn superseded by order No. 18-B. This latter order, so far as material, was:

"United States Railroad Administration
                     Washington, May 22, 1919.
    "General order No. 18, issued April 9, 1918, as amended by General Order No. 18-A, is hereby further amended to read as follows:
    "It is therefore ordered that all suits against the Director General of Railroads as authorized by General Order No. 50-A must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose," etc.

General Order No. 50-A in one of its preambles recites: "And it is right and proper that the actions, suits and proceedings hereinafter referred to based on causes of action arising during or out of federal control should be brought directly against the said Director General of Railroads and not against the said corporation.

    "It is, therefore, ordered that actions at law, suits in equity  *  *  *  hereinafter brought in any court *  *  *  for loss or damage to property arising since December 31, 1917, and growing out of the possession, use, control or operation of any railroad system of transportation by the Director General of Railroads *  *  *  shall be brought against the Director General of Railroads and not otherwise." It is obvious that General Order No. 18-B which purported to amend orders 18 and 18-A so as to "read as follows" superseded and was substituted for them. General Order No. 18-B specifically refers to suits authorized by General Order No. 50-A and the latter order applies only to suits based on causes of action arising since December 31, 1917. In the instant case the cause of action arose when the beer was frozen during the latter days of October, 1917, which was before December 31, 1917, the date the railroads were taken over by the government. It follows, therefore, that the several orders fixing the venue of suits against carriers had no application to the case before us and

this being true, of course, this suit could properly be brought in Chicago. The motion to dismiss was properly denied.

But counsel for defendant further argues that its motion should have been sustained because the purported summons which was served on defendant was not dated and was, therefore, void. There is nothing in the record to sustain this contention except the affidavit made a part of the special appearance and the motion to dismiss. There is nothing in the bill of exceptions where such matter should properly appear. Therefore, the point sought to be made is untenable.

The defendant also contends that the judgment cannot stand because the statement of claim is insufficient in that it contains no averment that the plaintiff was the lawful holder of the bill of lading at the time the right of action accrued and that it further appears from the bill of lading that the defendant was not the initial carrier since it appears that it was issued by the "Manufacturers Railway Co." and indicates that the 85 barrels of beer were received by the "Wabash W. Railroad Company" which is not the defendant. The bill of lading is attached to and made a part of the statement of claim. Plaintiff does not attempt to answer these points except to say that defendant's argument amounts to a claim that the statement of claim was insufficient and even though it be considered that it stated defectively a good cause of action, this would be sufficient after judgment, and further that the points made were not properly saved for review. We think that defendant's argument is that the statement of claim fails to state a cause of action, but we do not agree with its contention as to what the statement shows. The bill of lading attached to and made a part of the statement of claim is a statement that the "Wabash W. Railroad Company" received from

the plaintiff 85 barrels of beer, freight prepaid, to be transported to Great Falls, Montana and consigned to the order of plaintiff, "Notify John Denham, Great Falls, Mont." Written in ink appears "Manufacturers Ry. Co., Ordered October 16, 1917, J. J. Deveraux, Agent, Per C. H." There is no explanation of this writing and we think, in the absence of any, the bill of lading shows that the property was delivered by plaintiff to defendant. There is nothing to show that J. J. Deveraux was not the agent of the defendant company and we must presume that he was.

There is no merit in the point that plaintiff is not entitled to recover the freight which it had prepaid because one of the conditions on the back of the bill of lading expressly includes this as an element of recovery in suits brought for loss of property tendered to the carrier for transportation.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.